UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION

CIVIL ACTION NO. 2:20-CV-00056 (WOB-CJS)

KEITH COX, ET AL.                                                PLAINTIFFS

VS.                    MEMORANDUM OPINION AND ORDER

BOONE COUNTY SCHOOL DISTRICT                                     DEFENDANTS
ET AL.

This matter is before the Court on Defendants Boone County School District's and Boone County Board of Education's (collectively "Defendants") Motion for Summary Judgment. (Doc. 36). Plaintiffs' only claim in this lawsuit is for statutory attorney's fees under the Individuals with Disabilities Act (IDEA), 20 U.S.C. § 1400, *et seq.*, specifically Section 1415(i)(3)(B)(i)(I).

Defendants assert four main reasons the Court should render summary judgment in their favor: (1) Plaintiffs' claim is not accompanied by a separate motion for attorney's fees under Fed. R. Civ. P. 54; (2) Plaintiffs have failed to actively prosecute the claim, warranting dismissal under Fed. R. Civ. P. 41(b); (3) Plaintiffs did not succeed enough in the relevant administrative action to justify any award of attorney's fees; and (4) Plaintiffs unreasonably protracted this suit such that

1

34 C.F.R. 300.517(c)(4) warrants the total denial of attorney's fees.

## I. Background

D.C. is a child with a learning disability, namely a "developmental delay in the social-emotional area, as well as speech-language impairment." (Docs. 1-2, Hearing Officer Decision, at 27; 1-3, ECAB Decision, at 1). D.C. lived in Boone County, Kentucky, with his parents, Keith and Olivia Cox (hereafter, "Plaintiffs"), and went to school in the Boone County School District ("the District") until 2017. (*See* Doc. 1-2 at 4). Following D.C.'s 2016-2017 academic year, Plaintiffs notified the District that D.C. would be withdrawing to be homeschooled for the 2017-2018 school year. (*Id.* at 4–5). They later filed a Due Process Complaint on December 22, 2017. (*Id.* at 4).

Several of the initial claims Plaintiffs made were resolved by agreement and were dismissed. (Doc. 21, Administrative Record (sealed), Order in Response to Respondent's Motion to Dismiss, at 133). The remaining claims were submitted to a three-day hearing process, with the hearing officer rendering decisions on the claims on August 14, 2019. (Doc. 1-2). Notwithstanding Defendants' Motion to Dismiss all claims due to D.C.'s enrollment in a public school in Florida, the hearing officer found D.C. had been denied a Free Appropriate Public Education ("FAPE") in Boone County for the 2016-2017 school year. (*See id.* at 28). However, the hearing

2

officer simply awarded Plaintiffs the development of a new Individualized Education Program ("IEP") for D.C. contingent on his reenrollment in Boone County Public Schools. Plaintiffs appealed that decision to the Exceptional Children's Appeal Board ("ECAB"). (*Id.* at 28; Doc. 1-3).

On March 12, 2020, the ECAB reversed the hearing officer's decision in part, finding D.C. was not denied a FAPE in the school years of 2015-2016 and 2016-2017. (Doc. 1-3, at 21). However, the ECAB affirmed the hearing officer's finding that the 2018 Individualized Education Program was deficient but, like the hearing officer, remedied the situation only by ordering the development of a new IEP contingent upon D.C.'s reenrollment in Boone County Public Schools. (*Id.*). Neither party appealed the ECAB's decision.

On April 14, 2020, three days after the ECAB rendered its final decision, Plaintiffs filed this action under the IDEA for the attorney's fees and costs incurred in the hearing process and subsequent appeal to the ECAB. (Doc. 1).

**II. Standard of Law**

Summary judgment in favor of the moving party is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56. In considering a motion for summary judgment, the Court views all material facts and draws all reasonable inferences in the light most favorable to the nonmoving party. *Lanman v. Hinson*, 529 F.3d 673, 679 (6th Cir. 2008). Under this standard, the Court will review each of Defendants' bases for summary judgment.

**III.     Analysis**

   **A. Rule 54**

Defendants' first basis for summary judgment is that Plaintiffs failed to file a separate motion for attorney's fees under Rule 54, though this original action is itself inherently an action for attorney's fees for obtaining a previous administrative judgment. Plaintiffs argue the action itself being for attorney's fees renders Rule 54 inapplicable. They also argue that even if a Rule 54 motion is typically required in an action like this, their Complaint, (Doc. 1), titled a "Petition for Fees and Costs," and "petition" being a word interchangeable with "motion," amounts to the functional equivalent of such a motion under Rule 54.

Fed. R. Civ. Proc. 54(d)(2)(A) states: "A claim for attorney's fees and related nontaxable expenses must be made by motion *unless the substantive law requires those fees to be proved at trial as an element of damages*." (emphasis added). Rule 54(d)(2)(A) goes on to require that such a motion must:

>    (1)  be filed no later than 14 days *after the entry of judgment*;
>    (2)  *specify the judgment* and the statute, rule, or other grounds entitling the movant to the award;
>    (3)  state the amount sought or provide a fair estimate of it; and
>    (4)  disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

(emphasis added). The language emphasized above offers the first clues as to whether a separate motion need be made in this action for attorney's fees.

The Court first observes that the basis for Plaintiffs' claim for attorney's fees is statutory; it is part of the IDEA itself under 20 U.S.C. § 1415(i)(3)(B)(i)(I). At the very least, a separate motion for attorney's fees would be functionally redundant given the action itself is for attorney's fees for a prior administrative process. Further, the instructions for filing a motion under Rule 54(d)(2)(A) require such motions be made only in a post-judgment context, otherwise the language instructing the prospective movant to seek fees "after the entry of judgment" and to "specify the judgment. . . entitling the movant to the award" would make little sense. *See* Fed. R. Civ. P. 54(d)(2)(A)(i) and (ii). In an original action for attorney's fees under the IDEA, the damage award measured by the cost of counsel's work is *itself* awarded in the "judgment" referred to in Rule 54, i.e., "the substantive law requires those fees be proved

5

at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). The "judgment" referred to by Rule 54 is in this context most reasonably read as one such that may come from a United States District Court, not from a prior administrative action. So even if the fact-finding process required to determine the fee amount in this action under the IDEA is similar to that employed in evaluating a motion for attorney's fees under Rule 54, it is a separate and distinct process for the fee award and Rule 54 is not strictly applicable.

This reasoning is consistent with *King ex rel. King v. Floyd Cty. Bd. of Educ.*, 228 F.3d 622 (6th Cir. 2000). First, it was decidedly held in *King* that the applicable statute of limitations for an action for attorney's fees under the IDEA is 30 days. *Id.* at 627. This is numerically inconsistent with the 14-day post-judgment deadline for filing a motion for fees applicable under Rule 54(d)(2)(A)(i). Second, under nearly identical procedural circumstances, the Sixth Circuit effectively held in *King* that a federal action for attorney's fees under the IDEA is a procedural extension of the state administrative action preceding it, stating:

> The statutory authorization for the court to award attorney fees in any action or proceeding brought under [20 U.S.C. § 1415] must, in this situation, be an authorization for the court to award attorney fees in the administrative proceeding itself. The forum shifts, to be sure, when the parent goes into court, but the

6

> statute seems to treat the award of attorney fees as another phase of the administrative proceeding.

*See id.* at 626 (internal quotations omitted) (emphasis added).

The action here for attorney's fees is for costs incurred by counsel in the administrative action, while Rule 54 may theoretically be applicable to any costs incurred in *this* action, if so pursued. In other words, this action is to the administrative proceedings below what a hypothetical post-judgment Rule 54 motion would be to this particular action.

Defendants also cite *L.H. v. Hamilton Cty. Dep't of Educ.*, 356 F. Supp. 3d 713 (E.D. Ky. 2019), for the proposition that a separate Rule 54 motion is required. But a quick examination of the procedural history of *L.H.* shows the parents there did not have a previous administrative order for which they sought attorney's fees. Rather, the parents in *L.H.* brought an action under the IDEA in a federal district court to begin with, and then obtained a *judgment* by which they could claim entitlement to attorney's fees by motion under Rule 54. The parents in *L.H.* did not, as here, bring an original action specifically and solely for attorney's fees under 20 U.S.C. § 1415(i)(3)(B)(i)(I), nor did they appeal the substance of a state administrative determination to the district court. These facts materially distinguish this case, rendering it inapposite to Defendants' position.

7

Accordingly, Rule 54 is not a proper basis for summary judgment in Defendants' favors.

## B. Rule 41(b)

Defendants also move to dismiss under Fed. R. Civ. Proc. 41(b), which states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Four factors are considered in determining whether an action should be dismissed for failure to prosecute: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008).

Although this action seems to have moved slowly despite its relative simplicity, the last two factors from *Schafer* regarding warning and less drastic sanctions are not satisfied. Neither the Court nor Defendants have previously admonished Plaintiffs for any delay in this case, and no lesser sanctions have been imposed, sought, or threatened. Moreover, there is no indication that the delay is the result of willful dilatory action or bad faith. Other than one filing nine days late which Defendants do not mention in

8

their briefs, (Doc. 28, Disclosures of Keith and Olivia Cox and D.C.), Plaintiffs have not missed any deadlines in this case, such as those set by the Court for discovery, for example. (Doc. 25, CJS Scheduling Order). And finally, although they complain of it, Defendants makes no argument that they were prejudiced by the delay in any specific way. For these reasons, the Court declines to dismiss the claim under Rule 41(b).

### C. "Prevailing Parties"

To cite specific language, the IDEA provides that "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." 20 U.S.C. § 1415(i)(3)(B). To be considered a "prevailing party" in this sense, a plaintiff must succeed on any significant issue in litigation which achieves some of the benefit the party sought in bringing suit. *Wikol ex rel. Wikol v. Birmingham Pub. Sch. Bd. of Educ.*, 360 F.3d 604, 610 (6th Cir. 2004) (citing *Berger v. Medina City Sch. Dist.*, 348 F.3d 513, 526 (6th Cir. 2003)); *Phelan v. Bell*, 8 F.3d 369 (6th Cir. 1993). In *Farrar v. Hobby*, 506 U.S. 103, 113 (1992), the Supreme Court explained that "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties . . . in a way that directly benefits the plaintiffs."

Analyzed consistently with the award of attorney's fees in civil rights cases under 42 U.S.C. § 1983, Sixth Circuit case law *requires* the district court to award attorney's fees to a "prevailing party" where no "special circumstances" militate against such an award. *Wikol*, at 611 (citing *Berger v. City of Mayfield Heights*, 265 F.3d 399, 406 (6th Cir. 2001)). In the Sixth Circuit, the decision to award attorney's fees is made by the district court within its discretion without reference to a predetermined formula. *Id*. However, the district court must "take into consideration the extent to which [Plaintiffs] succeeded on their claims" in the administrative action below. *See id.* at 612. "[A] party who partially prevails is entitled to an award of attorney's fees commensurate to the party's success." *Phelan*, 8 F.3d at 373. "The burden is on the non-prevailing party to make a *strong* showing of special circumstances which may warrant a denial of fees." *Déjà Vu v. Metro Gov't of Nashville*, 421 F.3d 417, 422 (6th Cir. 2005) (emphasis added).

Here, Defendants concede that Plaintiffs prevailed at least to some extent given the ECAB's partial affirmation of a hearing officer's finding that was favorable to D.C. That is, D.C. was awarded an IEP that would take effect and be implemented should he return to Boone County Schools from his residence in Florida. Setting aside, for a moment, the contingency both of the hearing officer's order and the ECAB's reversal in part, the final outcome

materially changed the legal relationship between the parties in a way that the plaintiffs sought from the administrative action. There exists a prevailing and strong presumption in the Sixth Circuit that even partial success through an attorney's advocacy should be compensated; indeed, it is mandated, to encourage attorneys to take on IDEA cases like this as Congress clearly intended. *See Wikol ex rel. Wikol v. Birmingham Pub. Sch. Bd. of Educ.*, 360 F.3d 604, 611 (6th Cir. 2004).

It was through counsel's advocacy that Plaintiffs obtained three favorable findings from the hearing officer, and retained one of them in the appeal before the ECAB. Although it was not a perfect victory, and although D.C. moved to Florida and may not ultimately enjoy the IEP's implementation in Boone County, he was a prevailing party because counsel's advocacy positively changed the legal relationship between D.C. and Boone County in D.C.'s favor. Although the functional change to the relationship may not ultimately unfold in the event D.C. does not return to Boone County, the legal relationship undeniably has changed. And although they may argue that partial success warrants a lesser fee award than complete and unqualified success, Defendants have not indicated what special circumstance justifies the complete denial of attorney's fees. The IDEA requires an award to the attorney for so prevailing, and that amount will be determined after final briefing as this Court will order.

11

**D. Fee Reduction under 34 C.F.R. 300.517**

Regulation 34 C.F.R. 300.517(c)(4) states:

> "Except [where the State or local agency is responsible for the same], the court reduces, accordingly, the amount of the attorney's fees awarded under [the IDEA], if the court finds that . . . [t]he parent, or the parent's attorney, during the course of the action or proceeding, unreasonably protracted the final resolution of the controversy."

34 C.F.R. 300.517(c)(4). Defendants argue this language authorizes, and the circumstances of the case justify, the complete denial of attorney's fees. (Doc. 36 at 13).

For reasons similar to those already discussed in the Rule 41(b) context, the Court declines to completely deny attorney's fees under this regulation. The plain language of the regulation clearly affords the Court discretion over the fee amount, and it does not require the denial of attorney's fees entirely, even when it is evident, and it is not necessarily evident here, that Plaintiffs' counsel "unreasonably protracted" this litigation. Again, perhaps counsel could have been more diligent in moving her claim forward to trial or to summary judgment. But she has not "unreasonably protracted" the action to warrant total denial of attorney's fees. When the Court is poised to calculate the proper fee award it may consider any alleged delay as a mitigating factor consistent with this regulation, but for now the Court will not completely deny the Plaintiffs attorney's fees.

**IV. Conclusion**

As explained, none of the proffered reasons warrant summary judgment against Plaintiffs. However, it will soon be time for this case to be finally resolved. Accordingly, **IT IS ORDERED** that:

(1) Defendants' Motion for Summary Judgment (Doc. 36) is hereby **DENIED**;

(2) **On or before May 18, 2022**, Plaintiffs shall file a dispositive motion in compliance with the applicable civil and local rules, supporting their request for attorney's fees. Defendants shall file a responsive memorandum **on or before June 8, 2022**. Plaintiffs shall submit any reply memorandum **on or before June 22, 2022**.

Counsel should consider themselves on notice that, unless specific and reasonable accommodation is asked of the Court in advance, strict adherence to the above deadlines can, as discussed, and will, figure into any potential fee award, consistent with 34 C.F.R. 300.517(c)(4).

This 2nd day of May 2022.



Signed By:
*William O. Bertelsman* WOB
United States District Judge